UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLAIBORNE PARISH HOSPITAL SERVICE  CIVIL ACTION NO. 21-cv-759
DISTRICT NO. 3

VERSUS                              MAGISTRATE JUDGE HORNSBY

FIREMANS FUND INSURANCE CO

# MEMORANDUM RULING

## Introduction

Claiborne Memorial Medical Center ("Plaintiff") is a hospital in Homer, Louisiana. It filed this action against its all-risk insurer, Fireman's Fund Insurance Company ("FFIC"), seeking coverage for the replacement of the hospital's roof that was allegedly damaged by hail in the spring of 2020. Before the court is FFIC's Motion for Summary Judgment (Doc. 22) that argues that (1) Plaintiff cannot establish that hail damaged the roof during the effective term of the policy and (2) a wear and tear exclusion is applicable. For the reasons that follow, the motion is **denied**.

## Hail Damage

FFIC argues that it is entitled to summary judgment because Plaintiff cannot prove that hail caused loss or damage to its roof during the effective dates of 8/17/19 – 8/17/20. The insurer argues that Plaintiff has no direct evidence or meteorological data showing a hailstorm occurred on its property during that period. FFIC cites Stagliano v. Cincinnati Ins. Co., 633 Fed. Appx. 217 (5th Cir. 2015), which applied Texas law and explained that proof that a claimed loss occurred during the policy period was an essential element of the

insured's coverage claim on which it bears the burden of proof. But this is a Louisiana law case that involves an all-risk or all-perils policy, which results in a different burden.

FFIC acknowledges that the policy at issue is an all-risk policy. The plaintiff in C.R. Pittman Const. Co., Inc. v. Nationsal Fire Ins. Co. of Hartford, 453 Fed. Appx. 439 (5th Cir. 2011) had an all-risk policy covering equipment that was in effect when Hurricane Katrina hit New Orleans. The equipment was damaged, but the owner and insurer disputed whether the damage was caused by covered rain and wind or non-covered flooding. "Because this policy was an 'all risks' policy, Pittman Construction was required only to show damage during the policy period." C.R. Pittman, 453 Fed. Appx. at 442. The Court explained that recovery under an all-risk policy will be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage. Id. Once the plaintiff showed that it incurred damage during the policy period, the burden shifted to the insurer to prove that the damages were caused by an excluded peril. Id.

Plaintiffs have presented the testimony of Matthew Varnell, who is experienced in examining roofs for hail damage. Varnell testified in his deposition that he personally inspected the hospital roof, examined dents to metal objects, looked for other indicators of hail damage, used chalk to reveal hail indentions, and reviewed meteorological reports. Based on his experience and personal examination, Varnell testified that the roof was damaged by hail in April 2020. FFIC challenged Mr. Varnell's testimony in a motion in limine, but the court denied that motion in a separate ruling.

The summary judgment evidence must be construed in the light most favorable to Plaintiff in these circumstances, and the court may not weigh the evidence.  FFIC points to testimony of other witnesses who could not establish that hail fell in the area in April 2020, but Plaintiff need present the testimony of only a single witness to create a genuine dispute of material fact and defeat summary judgment on this issue.  Mr. Varnell's testimony creates a genuine dispute as to whether the hospital incurred hail damage during the policy period, which satisfied Plaintiff's burden at this stage of the proceedings.

**Wear and Tear Exclusion**

FFIC argues that it is also entitled to summary judgment based on a policy exclusion for any loss, damage or expense caused directly or indirectly by the effects of wear and tear, deterioration, decomposition, and the like.  The insurer points to evidence that the hospital roof experienced damage and leaks in the years before April 2020.  That may be the case, but repairs were also made in response to those events.  There is no definitive evidence regarding the "wear and tear" status of the roof prior to the spring 2020 hailstorm.  Perhaps it was worn out and already in need of repair, or perhaps it had been repaired and was in adequate shape before experiencing damage in 2020.

At the summary judgment stage, FFIC has the burden of producing evidence to make a prima facie case that an exclusion applies.  If it meets that burden, the burden then shifts to Plaintiff to present evidence that a genuine dispute of material fact remains. Celebration Church, Inc. v. United National Insurance Company, 658 Fed. Appx. 745, 746 (5th Cir. 2016).  The court finds that there is not sufficient certainty in the summary

judgment record for FFIC to prevail on its exclusion claim at this stage of the case. Genuine disputes of material fact remain.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this the 2nd day of August, 2022.

Mark L. Hornsby
U.S. Magistrate Judge